LIZZIE GRISWOLD, RESPONDENT, v THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY, APPELLANT.

*Action for an injury caused by the negligence of the defendant—admissibility of evidence
of medical experts as to the probable recovery of the plaintiff.*

APPEAL from a judgment, entered on a verdict in favor of the
plaintiff for $2,000 rendered at the Orleans Circuit, and from an
order denying a motion, made by the defendant on a case and
exceptions, for a new trial.

The action was brought to recover damages for personal injuries
alleged to have been suffered by the plaintiff and to have been occa-
sioned by the negligence of the defendant.

The court at General Term, after reviewing the evidence and
holding that it was sufficient to justify the jury in finding that the
plaintiff was free from contributory negligence, and that the injury
was caused by the defendant's negligence, said: " The amount of
damages which should be allowed to the plaintiff, when it was
determined that she was entitled to recover was dependent upon
the extent and effect of the injury which she received on the occa-
sion from the cause before mentioned.

" This was also a question of controversy and of conflict of evidence.
She had, some years before, been afflicted with a physical difficulty
or disease from which she had not entirely recovered, but which was
liable still to afflict. And there was some medical expert evidence
that the condition of which she complained may have come from
such previous organic trouble, while the evidence of the members
of the medical profession who had examined and treated her was to
the effect that the injury in question caused a serious physical con.
dition attributable to no other cause, and that her previous infirmity
was not likely to develop symptoms which followed such injury.
Much evidence was given by the plaintiff and others on this subject,
in view of all which we are not able to say that the jury over esti-
mated the amount of damages she had sustained and was entitled to
recover. A medical witness on the part or the plaintiff was asked
a question which embraced more, but in view of what followed, and
of the answer given, it may be treated as this inquiry: 'From
what you know of the condition of this woman from the time this

existed and your examination, what is the probability of her recovering from the injury?' This was objected to as 'speculative and hypothetical' and exception was taken to the ruling permitting the answer. The witness answered: 'It is impossible for a man to foretell what the result of such a trouble would be.' And the further question, 'What, in your judgment, will probably be the result as to whether she will probably recover from it or not?' being asked, followed by the remark of the court: 'He simply asks you whether you think she will recover,' the witness answered: 'Judging from the symptoms as they are manifest, I think there is no evidence of recovery. There is not much probability under the circumstances.' The defendant's motion to strike out the latter part of the answer having been denied, exception was taken. And another medical witness was asked: 'Tell what, in your judgment, would probably be the result, whether she would probably recover from it?' The objection to which was overruled and exception taken. The witness answered: 'I should think it was rather improbable that she would recover entirely; taking into consideration the time that has elapsed and the fact that she was not better now than she was immediately after the injury, it is my idea that she would not get better.' These witnesses had, by examination and treatment of the plaintiff, become somewhat familiar with her condition, and the symptoms which represented it, up to the time of the trial which was had one year and six months after the injury. It was competent to show the consequences which would follow in future from such cause, and as bearing upon that, we think it was proper to take the judgment of medical experts as to the probable result. (*Lincoln* v. *Saratoga and S. R. R. Co.*, 23 Wend., 425; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y., 42; *Strohm* v. *N. Y., L. E. and W. R. R. Co.*, 96 id., 305; *Buel* v. *N. Y. C. R. R. Co.*, 31 id., 314.)

" By the questions to which the objections were taken, the witnesses were called upon to express their judgments of the probable result of the particular injury in question, not what might follow it, nor whether she might or might not recover, but whether, in their judgment, she would probably recover from the effects of the injury. The future consequences of an injury must have a degree of probability amounting to a reasonable certainty to be the basis of the estimate of damages, and the evidence of such results must necessa-

rily rest somewhat upon the judgment of experts. And while they cannot express with absolute certainty the developments and future results which will come from the cause and its immediate effects, experience may enable the witnesses to intelligently have and express their opinions of the probable continuance and the ultimate consequences of a defined physical condition resulting from an injury.

"In the Strohm case the court are not understood by us to have held that the opinions of medical witnesses of the probable future effect of an injury were not competent, but that the error of the trial court there was in permitting the witness to state what a certain kind of injury might, in his opinion, develop in future; that it is not sufficient that certain consequences may or are likely to follow, because evidence to that effect is merely speculative. This view of that case is strengthened by the fact that *Filer* v. *New York Central Railroad Company* (49 N. Y., 42) is cited there by the court, without criticism. The inquiry to be competent must relate and be confined to the particular injury in question and to the consequences attributable to it which will follow and affect the person who suffered it. That was the inquiry in this case. And while the answer following the first question, that it was 'impossible for any man to foretell what the result of such a trouble will be,' evinced some difficulty on the part of the witness in determining the future consequences of the plaintiff's injury, we think it did not disqualify him to express his judgment on the subject, if he had any. The mere matter of degree of intelligence with which an opinion is expressed, and the difficulty of doing it, unless so great as to exclude the opportunity for medical opinion, goes to the value rather than to the competency of the evidence. No other question seems to require consideration."

*W. H. Adams*, for the appellant.

*Isaac S. Signor*, for the respondent.

Opinion by BRADLEY, J.; HAIGHT, J., concurred; LEWIS, J., not sitting.

Judgment and order affirmed.